**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No. |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| KENISHA R. CALLAHAN, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## **COMPLAINT FOR PERMANENT INJUNCTION**

1.    The United States of America brings this action to permanently enjoin Kenisha R. Callahan ("Callahan") from:

      a.    Preparing, assisting in the preparation of, or directing the preparation of federal tax returns, amended returns, or other tax-related documents and forms, including any electronically submitted tax returns or tax-related documents, for any entity or person other than herself;

      b.    Owning, managing, assisting, or working at a business that prepares or assists in the preparation of tax returns, amended returns, or other tax-related documents and forms, including any electronically submitted tax returns or tax-related documents, for any entity or person other than herself;

      c.    Engaging in any other activity subject to penalty under 26 U.S.C. §§ 6694, 6695, and 6701; and

      d.    Engaging in any conduct that substantially interferes with the proper administration and enforcement of the Internal Revenue Code.

2.     This action also seeks an order, under 26 U.S.C § 7402(a), requiring Callahan to disgorge to the United States the gross receipts she has received for the preparation of federal tax returns making false or fraudulent claims.

## JURISDICTION AND VENUE

3.     This action is authorized and requested by a delegate of the Secretary of the Treasury, and is commenced at the direction of the Attorney General of the United States in accordance with 26 U.S.C § 7401.

4.     This Court has jurisdiction under 26 U.S.C. §§ 7402(a), 7408(a) and 28 U.S.C. §§ 1340 and 1345.

5.     Venue is proper in this Court because Callahan's principal place of business is within this judicial district and Callahan resides within the district. 26 U.S.C. § 7407(a) and 28 U.S.C. § 1391.

## DEFENDANT

6.     Callahan is a paid "tax return preparer" as defined by 26 U.S.C. § 7701 who has been preparing returns for customers through Callahan Tax Service ("CTS") since 2010. She resides in Ponchatoula, LA and operates a tax return preparation business in Hammond, LA.

7.     Callahan holds no tax-related certifications or degrees. She is a level one certified teacher in the State of Louisiana, currently teaching elementary school. Callahan prepares returns for customers on a seasonal basis during tax filing season (generally between January and April).

8.     Before forming CTS, Callahan worked for Jackson Hewitt as a seasonal tax preparer from 2005 to 2007. She has no formal training as a tax return preparer but she took tax preparation courses offered by Jackson Hewitt. Callahan further took approximately four online tax courses, including one specifically focusing on the earned income tax credit. She has no other tax or accounting education.

9.      Callahan formed CTS in 2010 and incorporated the business as a limited liability corporation in 2015. CTS's primary place of business is 1665 SW Railroad Ave., Suite 6, Hammond, LA 70403. In June of 2019, the Louisiana Secretary of State revoked CTS's charter for failure to file annual reports.

10.     On December 29, 2010, Callahan obtained a Personal Tax Identification Number ("PTIN") (XX2936) from the IRS. A PTIN is an identification number the IRS issues to return preparers that they must use to identify themselves on returns they prepare for compensation. A preparer's failure to identify herself on returns she prepares for others is subject to penalty under 26 U.S.C. § 6695(c).

11.     On November 7, 2009, Callahan obtained an Electronic Filing Information Number ("EFIN") (XX7386) for CTS. An EFIN is an identification number the IRS issues to return preparers who have completed an e-file application and passed a suitability check. The EFIN is used to electronically file returns for customers. On March 18, 2019, the IRS revoked CTS' EFIN.

## CALLAHAN'S ACTIVITIES

12.     Through CTS, Callahan has prepared thousands of individual federal income tax returns (Form 1040) for customers since 2010. In 2019 alone (for tax year 2018), Callahan prepared 734 individual federal tax returns. Callahan charges between $70 and $400 per return, depending on its complexity. These fees are, in most cases, deducted from the refund claimed on the return so that the customer only receives the refund net of Callahan's fees.

13.      An IRS investigation revealed that Callahan prepares returns that understate the tax her customers actually owe, and/or overstate the refund to which they are entitled. Callahan does so primarily by claiming false or inflated Earned Income Tax Credit ("EITC") on the

returns she prepares. Based solely upon Callahan's actions resulting in abuse of the EITC, the estimated harm to the Treasury exceeds $2,000,000.

14.     Callahan has a history of ignoring, or recklessly disregarding, EITC compliance requirements. These requirements obligate tax return preparers to make "reasonable inquiries" to ensure the customer is legally entitled to claim the EITC. *See* 26 U.S.C. § 6695(g). The IRS investigated Callahan's compliance with EITC due diligence requirements four times. In all but one of the investigations, the IRS found that Callahan failed to exercise the required due diligence in determining her customers' EITC eligibility. As a result, the IRS assessed due diligence penalties against Callahan under 26 U.S.C. § 6695(g). The penalties had no effect on Callahan's activities, and she continues to prepare returns for customers that falsely claim the EITC.

### Fraudulent Earned Income Tax Credit

15.     The EITC is a "refundable" tax credit, meaning that it can reduce a taxpayer's liability below zero, permitting a tax refund in certain circumstances. The EITC is available for low to moderate-income working individuals and couples who meet certain criteria. The amount of EITC for which taxpayers may qualify depends upon several factors: 1) amount of "earned income," 2) the taxpayer's filing status, and 3) number of dependents. The amount of the credit increases relative to taxpayers' "earned income" to a certain threshold, over which the taxpayer becomes ineligible to claim the credit. The earned income range at which the maximum credit is paid is commonly known as the "sweet spot."

16.     In 2019, only 474,000 or approximately 10%, of Louisiana's citizens received the EITC. *See*  https://www.eitc.irs.gov/eitc-central/statistics-for-tax-returns-with-eitc/statistics-for-

tax-returns-with-eitc. In contrast, of the 734 returns filed by Callahan in 2019, approximately 87% claimed EITC.

17.     One way unscrupulous return preparers manipulate earned income is by fabricating income or losses to manipulate their customers' earned income in order to claim more of the EITC than the customer is entitled. The IRS examined 70 returns filed by Callahan in 2019 (tax year 2018) that claimed the EITC credit. 52 of the returns, or 74%, contained fabricated income. Of those, 41 claimed the maximum EITC.

### A)  Fabricated Earned Income to Increase EITC claims

18.     Callahan fabricates or inflates earned income to maximize the EITC she claims for her customers. Frequently, but not always, Callahan characterizes this fictitious income as Household Help ("HSH") income on taxpayer's returns in order to bypass the need for supporting documents to corroborate the amounts claimed.

19.     HSH income includes wages earned by taxpayers who perform jobs such as domestic servant, cook, sitter or cleaner. Generally, if a taxpayer earns HSH income in excess of $2,100, the employer must issue a Form W-2, or Form 4852, that reports the income.

20.     Callahan exploits this reporting threshold aggressively as illustrated by the below examples. To protect the identities of individual customers, the complaint refers to customers by letter, *e.g.* Customer A, etc. A Customer Key, which identifies each customer by name and social security number, will be served with the summons and the complaint.

   a.     Callahan inflated Customer A's earned income on her 2017 tax returns. Customer A is a single mother with two children who earned $3,691 in wages from several employers. However, Callahan reported that Customer A earned $16,291, including $2,000 of fictitious HSH income from private babysitting. Customer A

did not earn that income and did not tell Callahan she did. Callahan fabricated income to inflate the EITC claimed on the return she prepared.

b.    Callahan inflated Customer B's earned income on her 2018 return. Customer B is a single mother with two children who earned $4,424 in wages from retail jobs. However, Callahan reported that Customer B earned $17,754, including $2,100 in HSH income from hairstyling and babysitting. Customer B did not earn HSH income and did not tell Callahan she did. Callahan fabricated earned wages to inflate her customer's EITC claimed on the return she prepared.

c.    Callahan inflated Customer C's earned income on her 2018 return. Customer C is a single mother with three children who earned $561 from a retail position. However, Callahan reported $17,219 in earned income on Customer C's return, including $2,100 in fictitious HSH income from hairstyling and personal sitting that Customer C did not earn. Callahan fabricated earned income to inflate her customer's EITC claimed on the return she prepared.

21.    These examples represent a small sample of Callahan's fabrication of earned income. Of the 734 returns filed by Callahan in 2019, 50% reported HSH income, and 94% of those returns reported HSH income in amounts between $2,098 and $2,100. Further, the IRS analyzed all of Callahan's 2019 returns that claimed an EITC over $6,000 but no Schedule C. Of the 61 returns that met this criteria, 54, or 89%, claimed the maximum EITC based upon fictitious income.

**B)  Fraudulent Schedule C Profits and Losses to Inflate or Deflate Earned Income**

22.    Callahan further manipulates earned income she claims for customers by including a Schedule C, Profit or Loss from Business for Taxpayers, with returns she prepares.

She makes profit or loss claims on tax returns even if the customer did not own or operate a business. By reporting fictitious profits and losses on a Schedule C. Callahan artificially increases or decreases the earned income she reports to fall within the EITC "sweet spot." The following examples illustrate Callahan's scheme:

    a.    Callahan falsely claimed that Customer D operated a business on her 2016 return. Customer D was a single mother with two children earning $49,232 as a trainer. Callahan prepared a Schedule C that claimed a loss for a non-existent daycare business Customer D purportedly operated from her home. However, Customer D did not operate a day care business out of her home and did not tell Callahan that she did. Callahan fabricated losses incurred by a fictitious business to inflate the EITC claimed on the return she prepared.

    b.    Callahan falsely claimed that Customer E operated a business on her 2017 return. Customer E was a single mother with one daughter who earned $19,486 in wages working as a home healthcare worker. Callahan attached a Schedule C to Customer E's return that reported a profit from a home healthcare business. Customer E does not operate a business and never told Callahan she did. Callahan fabricated a profit from a fictitious business to inflate the EITC claimed on the return she prepared.

23.    These examples represent a small sample of the number of returns Callahan prepares that include both a Schedule C and EITC claim. In 2019 alone, Callahan filed 163 returns with Schedule Cs. Of that group, 98% claimed EITC. Most, if not all, of those taxpayers were wage earners or contractors who performed services for another employer.

**C)  Manipulation of Taxpayer's filing status to claim a higher EITC**

24.     Callahan files returns that falsely claim Head of Household filing status for customers that do not qualify in order to increase the EITC amount that she claims. For example:

    a.     Callahan falsely reported Customer F as Head of Household in 2017 even though Customer F had been married for twenty years at the time of the tax return filing. Although Customer F instructed Callahan not to claim that status after the IRS rejected the return, she did so again. Callahan claimed an incorrect filing status to inflate the EITC claimed on the return she prepared.

    b.     Although Customer G and her husband routinely filed a joint return as married taxpayers, Callahan filed separate returns for each in 2016 that falsely claimed Customer G as a single taxpayer and her husband as Head of Household. Callahan claimed an incorrect filing status to inflate the EITC claimed on the return she prepared.

**Other Schemes: Unreimbursed Expenses and Charitable Contribution Deductions**

25.     Callahan also falsely claims Unreimbursed Employee Business Expenses ("UBE") as Schedule A itemized deductions. UBE are expenses that an employee incurs in connection with their employment. By deducting false UBE, a fraudulent tax preparer can reduce the tax liability reported on a customer's return. In Callahan's case, she did so without her customers' knowledge or consent.

26.     Similarly, Callahan falsely claims deductions for charitable gifts that her customers did not make. This reduces her customers' tax she reports on their returns. For example:

a.  Callahan manipulated charitable donations, reported false UBE and fabricated a business on Customer F's 2017 return. Customer F is a married woman with two children who earned $47,657 as a laborer. Callahan claimed that Customer F donated $6,518 to charities and incurred $3,952 in unreimbursed employee expenses.  In addition to deducting those fictitious items, Callahan included a Schedule C that claimed a loss of $11,115 from a non-existent cleaning business. Callahan fabricated charitable deductions, false UBE and losses from a fictitious business to inflate the EITC claimed on the return she prepared.

b.  Callahan inflated unreimbursed expenses and charitable contributions on Customer H's 2017 return. Customer H was a single mother with two children who earned $31,634 as a welder. Callahan claimed that Customer H incurred $11,000 in UBE and donated $4,000 to charity. Customer H estimates that her actual unreimbursed expenses for 2017 would have been approximately $1,200 and that she actually donated $400 to charity. Callahan inflated charitable deductions and UBE to inflate the EITC claimed on the return she prepared.

c.  Callahan fabricated UBE and charitable gifts on Customer G's 2016 return. Callahan claimed $7,912 in unreimbursed expenses and $4,406 in charitable gifts on Customer G's return. Customer G never discussed expenses or donations with Callahan. Callahan fabricated charitable deductions and false UBE to inflate the EITC claimed on the return she prepared.

## HARM CAUSED BY CALLAHAN'S ACTIONS

27.   Callahan's pattern of preparing returns that understate her customers' taxes and/or overstate their refunds through the schemes described above has resulted in the loss of significant

federal tax revenue. Callahan's manipulation of her customers' income and other fraudulent practices caused the United States to issue refunds that taxpayers were not entitled to receive. Based on the returns it has examined, the IRS estimates that the United States has lost millions of dollars in tax revenue from Callahan's actions. Given the complexity of Callahan's schemes, it is difficult to estimate the full loss caused to the United States.

28.     In addition to lost tax revenue, the United States has had to bear the substantial cost of examining returns Callahan has prepared and collecting the understated liabilities from her customers.

29.     Callahan's illegal conduct also harms honest tax return preparers because, by preparing tax returns that unlawfully inflate their customers' refunds, Callahan has a competitive advantage over tax return preparers who prepare returns in accordance with the law. Customers who are satisfied with the tax refunds they receive are often unaware of Callahan's illegal return preparation practices and return to Callahan for subsequent tax seasons.

30.     Callahan's actions also undermine confidence in the federal income tax system. Callahan's customers trust – and pay – her to prepare honest returns. Callahan betrays that trust and harms her customers, who must foot the bill for the deficiencies and, potentially, interest and penalties resulting from Callahan's conduct.

31.     Callahan's activities also encourage noncompliance with the internal revenue laws by failing to confirm with her customers that their returns honestly and accurately reflected the information they provided. Similarly, Callahan's fraudulent use of the EITC undermines public confidence in a statutory credit meant to encourage low-income workers with young children to maintain employment.

## COUNT I: INJUNCTION UNDER 26 U.S.C. § 7407
## FOR CONDUCT SUBJECT TO PENALTY UNDER 26 U.S.C. §§ 6694 AND 6695

32.     The United States incorporates by reference the allegations in paragraphs 1 through 31.

33.     Section 7407 of the Internal Revenue Code authorizes a district court to enjoin a person who is a tax return preparer from engaging in certain conduct or from further acting as a tax return preparer. The prohibited conduct justifying an injunction includes:

a.     Engaging in conduct subject to penalty under 26 U.S.C. § 6694(a), which penalizes a tax return preparer who prepares a return that contains an understatement of tax liability or an overstatement of a refund due to an unreasonable position (as defined by § 6694(a)(2)) which the preparer knew or should have known was unreasonable;

b.     Engaging in conduct subject to penalty under 26 U.S.C. § 6694(b), which penalizes a tax return preparer who prepares a return that contains an understatement of tax liability or an overstatement of a refund due to willful or reckless conduct;

c.     Engaging in conduct subject to penalty under 26 U.S.C. § 6695(g), which penalizes a tax return preparer who does not exercise due diligence in determining eligibility for earned income tax credits; and

d.     Engaging in any other fraudulent or deceptive conduct that substantially interferes with the proper administration of the internal revenue laws.

34.     In order for a court to issue such an injunction, the court must find (1) that the preparer engaged in the prohibited conduct defined in paragraph 33 above, and (2) that injunctive relief is appropriate to prevent the recurrence of the conduct.

35.     If a tax return preparer's conduct is continual or repeated and the court finds that a narrower injunction would not be sufficient to prevent the preparer's interference with the proper administration of the internal revenue laws, the court may permanently enjoin the person from acting as a tax return preparer. *See* 26 U.S.C. § 7407(b).

36.     Since at least 2016, Callahan continually and repeatedly engaged in conduct subject to penalty under 26 U.S.C. § 6694 by preparing returns to understate her customers' tax liabilities and overstate their refunds and credits. As described above, Callahan prepares returns that claim deductions for expenses not incurred by her customers and credits to which the taxpayers are not entitled. Callahan did so with the knowledge that the positions she took on the returns were unreasonable and lacked substantial authority. Callahan thus engages in conduct subject to penalty under 26 U.S.C. § 6694(a).

37.     Additionally, Callahan engages in conduct subject to penalty under 26 U.S.C. § 6694(b) by willfully understating customers' liabilities and acting with a reckless and intentional disregard of rules and regulations.

38.     Callahan's conduct substantially interferes with the administration of the internal revenue laws. Injunctive relief is necessary to prevent this misconduct because, absent an injunction, Callahan is likely to continue preparing false federal income tax returns. Indeed, the IRS has assessed multiple penalties against Callahan for her failure to exercise due diligence in determining her customer's eligibility to claim the EITC.  The penalties had no effect on Callahan's business practices and she continues to prepare returns that claim false or inflated EITCs.

39.     A narrower injunction would be insufficient to prevent Callahan's interference with the administration of the internal revenue laws. Callahan prepares returns understating her

customers' liabilities through multiple schemes that report false information on her customers' tax returns. In addition, the IRS may not yet have identified all of the schemes used by Callahan to understate liabilities, and overstate refunds and credits. Denial of a permanent injunction against Callahan will require the IRS to spend additional resources to uncover all of her future schemes. The harm resulting from these schemes includes both the expenditure of these resources and the revenue loss caused by the improper deductions and credits Callahan claimed on returns she prepares. Accordingly, only a permanent injunction is sufficient to prevent future harm caused by Callahan acting as a tax return preparer.

## COUNT II: INJUNCTION UNDER 26 U.S.C. § 7408 FOR CONDUCT SUBJECT TO PENALTY UNDER 26 U.S.C. § 6701

40.     The United States incorporates by reference the allegations contained in paragraphs 1 through 31.

41.     Section 7408 of the Internal Revenue Code authorizes a district court to enjoin any person from engaging in conduct subject to penalty under 26 U.S.C. § 6701, which penalizes a person who aids or assists in the preparation of tax returns that the person knows will result in an understatement of tax liability.

42.     Callahan engages in conduct subject to penalty under 26 U.S.C. § 6701 by preparing income tax returns that claim credits and deductions that she knows to be improper, false, and/or inflated.

43.     Callahan's repeated actions fall within 26 U.S.C. § 7408, and injunctive relief is appropriate to prevent recurrence of this conduct.

**COUNT III: INJUNCTION UNDER 26 U.S.C. § 7402 FOR UNLAWFUL
INTERFERENCE WITH THE ENFORCEMENT OF INTERNAL REVENUE LAWS**

44.     The United States incorporates by reference the allegations contained in
paragraphs 1 through 31.

45.     Section 7402(a) of the Internal Revenue Code authorizes a court to issue orders of
injunction as may be necessary or appropriate for the enforcement of the internal revenue laws.

46.     Callahan repeatedly and continually engages in conduct that interferes
substantially with the administration and enforcement of the internal revenue laws.

47.     If Callahan continues to act as a tax return preparer, her conduct will result in
irreparable harm to the United States and the United States has no adequate remedy at law.

48.     Callahan's conduct has caused, and will continue to cause, substantial tax losses
to the United States Treasury, much of which may be undiscovered and unrecoverable. The IRS
will have to devote substantial and unrecoverable time and resources auditing her customers
individually to detect understated liabilities and overstated refund claims, unless the Court
enjoins Callahan's activities.

49.     The detection and audit of erroneous tax credits and deductions claimed on
returns prepared by Callahan would be a significant burden on IRS resources.

**COUNT IV – DISGORGEMENT UNDER 26 U.S.C. § 7402(a)**

50.     The United States incorporates by reference the allegations of paragraphs 1
through 31.

51.     Section 7402(a) of the internal revenue code authorizes a district court to issue
orders, judgment, and decrees as may be necessary or appropriate for the enforcement of the
internal revenue laws.

52.     Callahan's conduct substantially interferes with the enforcement of the internal revenue laws, and causes the United States to issue tax refunds to individuals not entitled to receive them. But for Callahan's conduct, the United States would not have issued these bogus refunds.

53.     Callahan has unjustly profited from her misconduct at the expense of the United States. She subtracted fees from her client's bogus refund returns.

54.     Callahan is not entitled to these ill-gotten gains. Using its broad authority under Section 7402(a), the Court should enter an order requiring Callahan to disgorge to the United States the receipts (in the form of fees subtracted from customers' tax refunds) she received for the preparation for federal tax returns that make grossly incompetent, negligent, reckless, and or fraudulent claims.

## RELIEF REQUESTED

WHEREFORE, the United States of America respectfully prays for the following:

A.     That the Court find that Callahan has repeatedly and continually engaged in conduct subject to penalty under 26 U.S.C. §§ 6694, 6695, and that injunctive relief is appropriate under 26 U.S.C. § 7407 to prevent recurrence of that conduct;

B.     That the Court find that Callahan has repeatedly and continually engaged in conduct subject to penalty under 26 U.S.C. § 6701 and that injunction relief is appropriate under 26 U.S.C. § 7408 to prevent recurrence of that conduct;

C.     That the Court find that Callahan has repeatedly and continually engaged in conduct that substantially interferes with the proper enforcement and administration of the internal revenue laws and that injunctive relief is appropriate under 26 U.S.C. § 7402(a) to prevent recurrence of that conduct;

     D.     That the Court enter a permanent injunction prohibiting Callahan and any other person working in concert or participation with her from directly or indirectly:

1. Preparing, assisting in the preparation of or directing the preparation of federal tax returns, amended returns, or other tax-related documents or forms, including any electronically submitted tax returns or tax-related documents, for any entity or person other than herself;

2. Owning managing, controlling, working for, profiting from, or volunteering for any business or entity engaged in tax return preparation;

3. Transferring, selling, or assigning their customer lists and/or other customer information;

4. Engaging in activity subject to penalty under 26 U.S.C. §§ 6694, 6695 and 6701; and

5. Engaging in conduct that substantially interferes with the proper administration and enforcement of the internal revenue laws.

     E.     That the Court enter an injunction requiring Callahan, at her own expense, to:

1. To send by certified mail, return receipt requested, a copy of the final injunction entered against Callahan in this action, as well as a copy of the Complaint setting forth the allegations as to how Callahan fraudulently prepared federal tax returns, to each person for whom Callahan prepared federal tax returns or any other federal tax forms after January 1, 2016, within 30 days of entry of the final injunction in this action;

2. To turn over to the United States copies of all returns and claims for refund that Callahan prepared after January 1, 2016;

3.      To provide the United States a list of the names, Social Security numbers, addresses, phone numbers, and email addresses of each person for whom Callahan prepared tax returns, other tax forms, or claims for refund after January 1, 2016, within 30 days of entry of the final injunction in this action;

4.      To prominently post: a copy of the injunction, a statement that she has been enjoined from the preparation of tax returns and a hyperlink to any press release regarding the injunction that the Department of Justice may issue, on Callahan's social media accounts and websites used to advertise her tax preparation services, if any, and in Callahan's place of business where she prepared tax returns within 10 days of entry of the final injunction in this action;

5.      To deliver a copy of the injunction to any employees, contractors and vendors of Callahan, if any, within 30 days of entry of the final injunction in this action;

6.      To file a sworn statement with the Court evidencing Callahan's compliance with the foregoing directives within 45 days of entry of the final injunction in this action; and

7.      To keep records of Callahan's compliance with the foregoing directives, which may be produced to the Court, if requested, or the United States pursuant to paragraph F, below;

F.      That the Court enter an order allowing the United States to monitor Callahan's compliance with the injunction and to engage in post-judgment discovery in accordance with the Federal Rules of Civil Procedure; and

G.      Order, without further proceedings, the immediate revocation of any and all PTINs and EFINs held by, assigned to, or used by Callahan issued under 26 U.S.C. § 6109;

17

H.     Order the immediate revocation of any EFIN held by, assigned to, or used by Callahan;

I.     Enter an order, pursuant to 26 U.S.C. § 7402(a), requiring Callahan to disgorge to the United States the gross receipts (the amount of which is to be determined by the Court) that Callahan received (in the form of fees subtracted from customers' tax refunds) for the preparation of tax returns that make or report false or fraudulent claims, deductions, credits, income, expenses, or other information that results in the understatement of taxes;

J.     Retain jurisdiction over Callahan and this action to enforce any permanent injunction entered; and

K.     Award the United States its costs incurred in connection with this action, along with such other relief as justice requires.

Dated: March 30, 2020                         Respectfully submitted,

                                              RICHARD E. ZUCKERMAN
                                              Principal Deputy Assistant Attorney General


                                              */s/ Conor P. Desmond*
                                              CONOR PATRICK DESMOND
                                              DC Bar No: 1531356 | LA CM/ECF
                                              Trial Attorney, Tax Division
                                              U.S. Department of Justice
                                              P.O. Box 14198
                                              Washington, D.C.  20044
                                              202-616-1857 (v)
                                              202-514-4963 (f)
                                              Conor.P.Desmond@usdoj.gov

                                              Of counsel:
                                              Peter G. Strasser
                                              United States Attorney
                                              Eastern District of Louisiana

JS 44   (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a)  PLAINTIFFS

**DEFENDANTS**

**(b)**  County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)**  Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II.  BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1   U.S. Government
     Plaintiff
- ☐ 2   U.S. Government
     Defendant
- ☐ 3   Federal Question
     *(U.S. Government Not a Party)*
- ☐ 4   Diversity
     *(Indicate Citizenship of Parties in Item III)*

## III.  CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV.  NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | | ☐ 863 DIWC/DIWW (405(g)) | |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice | | | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V.  ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1   Original Proceeding
- ☐ 2   Removed from State Court
- ☐ 3   Remanded from Appellate Court
- ☐ 4   Reinstated or Reopened
- ☐ 5   Transferred from Another District *(specify)*
- ☐ 6   Multidistrict Litigation - Transfer
- ☐ 8   Multidistrict Litigation - Direct File

## VI.  CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII.  REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION**
UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:     ☐ Yes    ☐No

## VIII.  RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____     DOCKET NUMBER _____

DATE

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____     AMOUNT _____     APPLYING IFP _____     JUDGE _____     MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked**.** (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553　Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |  |
|---|---|---|
| | ) | |
| | ) | |
| | ) | |
| _____ | ) | |
| *Plaintiff(s)* | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| | ) | |
| | ) | |
| _____ | ) | |
| *Defendant(s)* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*

_____ .


My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .


I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc: